AVERY et al., Appellants,

v.

ROSSFORD, OHIO TRANSPORTATION IMPROVEMENT
DISTRICT et al., Appellees.

[Cite as *Avery v. Rossford, Ohio Transp. Improvement
Dist.* (2001), 145 Ohio App.3d 155.]

Court of Appeals of Ohio,
Sixth District, Wood County.

Nos. WD–01–005 and WD–01–004.

Decided Aug. 3, 2001.

**158**

*Gregory R. Elder* and *Marvin A. Robon,* for appellants.

*James L. Rogers, Lane D. Williamson* and *Jeffrey M. Stopar,* for appellee Rossford, Ohio Transportation Improvement District.

*Keith A. Wilkowski* and *Michael L. Stokes,* for appellee city of Rossford.

*Alan R. Mayberry,* Wood County Prosecuting Attorney, and *Linda F. Holmes,* Assistant Prosecuting Attorney, for appellees Wood County Treasurer and Wood County Auditor.

MELVIN L. RESNICK, Judge.

This is an appeal from the Wood County Court of Common Pleas dismissing all of appellants' claims.  Based upon the applicable law and a review of the record of this case, we affirm that judgment.

In May 1997, the Wood County Board of Commissioners created, pursuant to R.C. 5540.02, the Rossford, Ohio Transportation Improvement District ("RTID"). Under the powers granted to it by R.C. 5540.03(A), RTID commenced a project that included the construction of roads and water and sewer lines in an area known as the "Crossroads of America" in the city of Rossford, Ohio ("Rossford"). Pursuant to R.C. 5540.031, the Board of Trustees of RTID financed the project by levying assessments on the property allegedly benefitted by the improvement.

In May 2000, plaintiffs-appellants, owners of property in the project area, received notice of the assessments levied. Linda and Doug Avery and some of the tenants in common owning a parcel of assessed property located on Simmons Road in Rossford commenced this cause against Rossford and RTID. They also named the Wood County Board of Commissioners, the Wood County Auditor, and the Wood County Treasurer (hereinafter collectively known as "Wood County") as defendants.[1] In a separate action, Nancy A. Lewis filed a complaint challenging the assessment levied on her property against the same government defendants. The plaintiffs in each suit were represented by the same counsel, and they sought relief under the same legal theories.

The first cause of action in the Lewis complaint and in the first amended complaint in the Avery case requested injunctive relief pursuant to R.C. Chapter 2723. Appellants' stated bases for this request all involved appellees' asserted illegal application of the statute to their properties. That is, they complained of a lack of notice, assessments in excess of those allowed by the statute, the creation of RTID, and the levying of assessments. In their second claims, appellants alleged that the excessive amount of the assessments constituted taking of property for public use without just compensation in violation of Section 19, Article I, Ohio Constitution, and the Fifth Amendment to the United States Constitution.

Appellants' third causes of action actually set forth three claims. First, appellants argued that R.C. Chapter 5540 is unconstitutional because, among other things, it does not require a transportation improvement district to hold a hearing on the assessments to be levied or to provide notice of such a hearing to the affected property owners. Second, appellants asserted that RTID violated their procedural due process rights, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by (1) failing to provide notice setting forth the substance of the proposed improvement and the time and place of the hearing as required by R.C. 5540.031(D), (2) failing to deliver notice of the assessment against the property, (3) failing to hold a hearing regarding the

---

1. Some of the co-owners of the Simmons Road property who consented to the assessment were also named as defendants. They are not, however, parties to this appeal.

assessment, and (4) failing to give notice of a right to appeal and/or challenge the assessment. Third, appellants argued that the failure to comply with due process requirements violated their civil rights under Section 1983, Title 42, U.S.Code.

Appellants' fourth causes of action sought, in the alternative, to appeal of the assessment against their properties, pursuant to R.C. 2505.04 and R.C. 2506.01, on questions of law and fact. Finally, Paragraph 31 of the Lewis complaint and Paragraph 33 of the Avery first amended complaint maintained that Rossford and the other defendants "conspired" to create RTID in order to obtain the financing for development of Crossroads of America that Rossford, through its "ineptness and incompetence," was unable to do. Appellants prayed for an injunction enjoining appellees from levying or collecting the assessments and from commencing any further improvements financed by future assessments. They also requested a declaratory judgment pronouncing R.C. Chapter 5540 unconstitutional. In the alternative, appellants asked the court to "grant" their appeal. Finally, appellants sought an award of reasonable attorney fees, costs, and punitive damages.

Rossford filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and/or 12(C) in both the Avery and Lewis suits. RTID filed a motion for summary judgment and a supplemental motion and memorandum in support of that motion in the Avery case only. Likewise, Wood County filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and(C) and/or a motion for summary judgment in the Avery suit only.

On December 29, 2000, the trial court entered a judgment in the Avery case. The court found, *sua sponte*, that it lacked jurisdiction to consider the challenge to the constitutionality of R .C. Chapter 5540 because the plaintiffs in the Avery case failed to serve the Attorney General with a copy of their amended complaint pursuant to Civ.R. 4.1. See *Cicco v. Stockmaster* (2000), 89 Ohio St.3d 95, 728 N.E.2d 1066. Next the court determined that there was no real controversy between the Avery plaintiffs and Rossford and, therefore, granted the city's motion to dismiss. As to the remaining defendants,[2] the gist of the court's decision is that the Avery plaintiffs failed to exhaust their administrative remedies and therefore could not seek relief by means of declaratory judgment or injunction. The trial court granted the motions for summary judgment and dismissed all claims against RTID and Wood County.

The common pleas court also filed a judgment dismissing the claims against Rossford in the Lewis case. The entry of dismissal contains the requisite language of Civ.R. 54(B) rendering that judgment a final, appealable order. The

---

2. In addition, the court determined that the Wood County Board of Commissioners was not a necessary party to the Avery case. Appellants do not appeal this finding.

cases were consolidated by this court for the purpose of this appeal. In their consolidated brief, appellants assert the following assignments of error:

"1. The court erred as a matter of law in dismissing appellants' first and third causes of action against RTID which challenged the constitutionality of the statute that was used to assess appellants, O.R.C. 5540.01, *et seq.*, because the six (6) month time limitation for obtaining service of process provided for in Civ.R. 4(E) had not expired and the court did not give appellants notice of its intent to dismiss their claim for lack of service.

"2. The court erred as a matter of law in dismissing appellants' first, second and third causes of action for failure to exhaust administrative remedies, since an appeal to the county board of revision is not mandatory in appeals from assessments under the transportation district statute and appeals can be taken directly to the common pleas court.

"3. The court erred as a matter of law in dismissing appellants' amended complaint for failure to exhaust administrative remedies, since an appeal to the county board of revision is not mandatory in appeals from assessments under the transportation district statute and appeals can be taken directly to the court of common pleas.

"4. The court erred as a matter of law in dismissing appellants' claims against the City of Rossford, pursuant to its motion to dismiss, and for dismissing appellants' claim for punitive damages, because (1) appellants' claims were not purely equitable in nature, but also sought recovery of compensatory damages; (2) punitive damage[s] can be awarded under 42 U.S.C. 1983, for a constitutional violation, even where there are no compensatory damages; (3) nominal damages may be awarded for constitutional violations and punitive damages can be based on nominal damages; and (4) a claim for conspiracy can nevertheless be based on a claim that seeks purely equitable relief."

We must first note that appellants' first, second, and third assignments of error apply only to the Avery case. Therefore, any reference to "appellants" in the discussion of these assignments of error refers only to the plaintiffs in that case. In their first assignment of error, appellants contend that the trial court erred in *sua sponte* dismissing, for want of jurisdiction, their constitutional challenge to R.C. Chapter 5540.

■ As effective on September 24, 1999, R.C. 2721.12(A), a provision of the Declaratory Judgment Act, requires a party challenging the constitutionality of a statute to serve the Attorney General with a copy of the complaint so that the state has an opportunity to be heard. While the Attorney General is not a party to the case when served, it provides him or her with a reasonable amount of time to assess the issues and decide whether to participate in the case. *Cicco v.*

*Stockmaster,* 89 Ohio St.3d at 99, 728 N.E.2d 1066. Absent service, as set forth in Civ.R. 4.1, on the Attorney General, a court lacks the jurisdiction to render declaratory relief. *Id.* at 100, 728 N.E.2d at 1071.

■ It is undisputed that appellants never served the Attorney General with a copy of their first amended complaint; therefore, to the extent that appellants' third claim for relief challenged the validity of the statute itself, the trial court lacked the jurisdiction to address this challenge. Appellants argue, nonetheless, that Civ.R. 4(E) precluded the dismissal of their constitutional claim. That rule provides:

"If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

The plain language of the rule makes it applicable only to instances where the plaintiff(s) fail to diligently serve in-state *defendants.* The Attorney General is not a defendant in a declaratory judgment action that asserts that a particular statute is unconstitutional.

Furthermore, under R.C. 2721.12 and *Cicco,* service of a complaint in a declaratory judgment action raising the unconstitutionality of a statute is necessary to vest a trial court with the authority to consider that issue. See *Denny v. Progressive Ins. Co.* (Mar. 5, 2001), Jackson App. No. 00–CA–018, unreported, 2001 WL 243270. Thus, to the extent that appellants' third claim challenged the validity of R.C. Chapter 5540 itself, the trial court could dismiss that claim *sua sponte* for lack of jurisdiction. Appellants' first assignment of error is found not well taken.

In their second assignment of error, appellants maintain that the trial court erred in granting summary judgment to RTID and Wood County and dismissing their first, second, and third causes of action for failure to exhaust their administrative remedy. Appellants maintain that those causes contain other constitutional claims that were not challenges to R.C. Chapter 5540. Specifically, appellants argue that their constitutional claims involving violations of their procedural due process rights and the "taking" of their property without just compensation could be considered by the court. We conclude that RTID and Wood County were entitled to a grant of summary judgment on these claims as a matter of law. See Civ.R. 56(C).

■ Before we discuss appellants' argument, we must determine whether an administrative remedy was available to appellants. R.C. 5540.031(F)(4) states

that complaints regarding special assessments levied by a transportation improvement district "may be made to the county board of revision in the same manner as complaints relating to valuation and assessment of real property." R.C. Chapter 5715 provides the procedure to be followed in contesting assessments before a county board of revision. R.C. Chapter 5717 also sets forth a specific procedure for the appeal of decisions of a county board of revision to either the Board of Tax Appeals, R.C. 5717.01, or to the court of common pleas in which the property is located, R.C. 5717.05. Thus, an administrative remedy was available to appellants. The next question is whether appellants were required to exhaust their administrative remedy before raising their alleged constitutional issues in a judicial proceeding.

The exhaustion of administrative remedies is usually required in order to prevent a premature interference with agency processes. This permits the agency to function efficiently and provides it with " 'an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.' " *Nemazee v. Mt. Sinai Med. Ctr.* (1990), 56 Ohio St.3d 109, 111, 564 N.E.2d 477, 480, quoting *Weinberger v. Salfi* (1975), 422 U.S. 749, 765, 95 S.Ct. 2457, 2466–2467, 45 L.Ed.2d 522, 538–538.

■■ Generally, the exhaustion of administrative remedies is a prerequisite to any further judicial action. *Noernberg v. Brook Park* (1980), 63 Ohio St.2d 26, 17 O.O.3d 16, 406 N.E.2d 1095. One of the exceptions to this rule is an instance in which an administrative proceeding can afford no meaningful relief. *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d at 115, 564 N.E.2d at 482–483. Accordingly, because administrative agencies generally cannot address the question of whether a statute, ordinance, or rule is unconstitutional, a party may institute judicial proceedings raising this claim without first exhausting his or her administrative remedies. *Jones v. Chagrin Falls* (1997), 77 Ohio St.3d 456, 460, 674 N.E.2d 1388, 1391.

We conclude, however, that the questions raised by appellants concerning lack of notice, lack of an opportunity to be heard, and excessive assessments (the "taking") are all issues that could be addressed in the administrative process. As stated by the Eighth District Court of Appeals:

"[C]ompared to seeking a declaration on the constitutionality of a statute, it is an entirely different matter to assert that a party's actions were unconstitutional. That kind of allegation does not draw into question the validity of the statute or law. Instead, it questions whether the party's actions were in accordance with the law. Administrative review is suited to that task, and this is a quasi-judicial function that could be performed by the board of review. See *Snavely v. Erie Cty. Bd. of Revision* (1997), 78 Ohio St.3d 500, 502, 678 N.E.2d 1373, 1375." *BP*

*Communications Alaska, Inc. v. Cent. Collection Agency* (2000), 136 Ohio App.3d 807, 814, 737 N.E.2d 1050, 1055.

For these reasons, we find that the trial court did not err in granting the summary judgment motions of Wood County and RTID with regard to appellants' declaratory judgment action, and appellants' second assignment of error is not well taken.

In their third assignment of error, appellants claim that the trial court erred in finding that they were required to exhaust their administrative remedy before seeking declaratory and injunctive relief because the language found in R.C. 5540.031(F)(4) is permissive as to the kind of remedy that an owner of assessed property is allowed to pursue.

The use of "may" in the context of a statute providing an administrative remedy allows an aggrieved individual either to pursue the remedy or to forgo taking any further action on the matter. *Frick v. Univ. Hosp. of Cleveland* (1999), 133 Ohio App.3d 224, 229, 727 N.E.2d 600, 603–604, quoting *Pappas & Assoc. Agency, Inc. v. State Auto. Ins. Co.* (Jan. 7, 1998), Summit App. No. 18458, unreported, 1998 WL 15605. In other, words, the use of "may" in R.C. 5540.031(F)(4) does not relieve appellants of their duty to exhaust their administrative remedies. Accordingly, appellants' third assignment of error is found not well taken.

Our consideration of appellants' fourth assignment of error involves both the Lewis case and the Avery case. In that assignment, appellants contend that the trial court erred in granting Rossford's motion to dismiss for failure to state a claim upon which relief can be granted. In addition, they assert that the trial court erred in dismissing their causes based upon civil conspiracy and Section 1983, Title 42, U.S.Code, as well as their claim for punitive damages.

We shall first address the dismissal of the claims against Rossford. In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 755. All factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 588–589, citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755–756. Nevertheless, even though the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639.

In their complaints, appellants stated that Rossford and the other named defendants "conspired and acted in concert to create the improvement district to levy assessments * * * in order to obtain the financing [of a sports and entertainment complex] that they had been unable to obtain because of said ineptness and incompetence [of the city of Rossford]." The trial court found, among other things, that appellants failed to set forth facts that would satisfy the elements of a civil conspiracy; specifically, the court found that appellants failed to allege an underlying tort claim and/or allege any actual damages. We agree that the complaints fail to set forth any facts entitling appellants to relief under a claim of civil conspiracy.

The tort of civil conspiracy is "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 419, 650 N.E.2d 863, 866. An underlying unlawful act is required before a party can prevail on a civil conspiracy claim. *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 475, 700 N.E.2d 859, 868. The conspiracy claim must be pled with some degree of specificity, and vague or conclusory allegations that are unsupported by material facts will not be sufficient to state a claim. *Harman v. Chance* (Nov. 14, 2000), Mahoning App. No. 99CA119, unreported, 2000 WL 1726520, citing *Jaco v. Bloechle* (C.A.6, 1984), 739 F.2d 239, 245.

Appellants' complaints lack *any* facts that this court could interpret as supportive of a finding that a continuing conspiracy existed between Rossford and the other governmental entities. Appellants argue that the underlying unlawful act is a violation of their constitutional rights; however, as observed by the trial court, for the purpose of satisfying this element of such a claim, the underlying unlawful act must be a tort. *Stiles v. Chrysler Motors Corp.* (1993), 89 Ohio App.3d 256, 266, 624 N.E.2d 238, 244; *Crosby v. Beam* (1992), 83 Ohio App.3d 501, 515, 615 N.E.2d 294, 303–304. Furthermore, the plaintiff must allege actual damages attributable to the conspiracy in addition to those damages caused by the underlying tort. *Crosby v. Beam*, 83 Ohio App.3d at 516, 615 N.E.2d at 304–305. In the present case, appellants failed to allege any underlying tort; their claims are constitutional in nature rather than tortious. In addition, they fail to allege any actual damages arising from the purported conspiracy itself. Thus, the trial court did not err in dismissing the civil conspiracy claim against Rossford.

Likewise, and based on the foregoing reasoning, the trial court did not err in granting summary judgment to RTID and Wood County on the civil conspiracy claim as a matter of law.

■ The Section 1983 claim raised against Rossford, RTID, and Wood County involves an alleged deprivation of procedural due process. In *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 550 N.E.2d 456, syllabus, the Ohio Supreme Court determined when a Section 1983 claim is based solely upon the deprivation of a purely economic interest without due process of law, the plaintiff must allege and prove the inadequacy of state remedies. Here, as in *1946 St. Clair Corp.,* the interest involved is a purely economic property interest, that is, excessive assessments. Accordingly, appellants were required to plead and prove the inadequacy of the state remedy. They failed to plead the inadequacy of an administrative appeal. Therefore, the trial court did not err in dismissing the Section 1983 claim leveled against Rossford, RTID, and Wood County.

■ As a final note, we conclude that the trial court did not err in dismissing appellants' claim for punitive damages. It is axiomatic that punitive damages cannot be awarded absent an award of actual or nominal damages on a plaintiff's underlying claim. *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 649, 635 N.E.2d 331, 341–342. Because the trial court properly dismissed all of appellants' claims, no predicate exists for an award of either compensatory or nominal damages. It follows that any claim for punitive damages cannot stand alone. For all of these reasons, appellants' fourth assignment of error is found not well taken.

On consideration whereof, this court finds that substantial justice was done the parties complaining, and the judgments of the Wood County Court of Common Pleas are affirmed. Appellants are ordered to pay the costs of this consolidated appeal.

*Judgments affirmed.*

MARK L. PIETRYKOWSKI, P.J., and RICHARD W. KNEPPER, J., concur.