JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, plaintiff-appellant Village/Chagrin Partners, L.L.C. ("Village/Chagrin") appeals from a decision of the Cuyahoga County Court of Common Pleas that granted defendant-appellee Board of Education for the Orange City School District's ("Orange") motion for summary judgment and denied its cross-motion for summary judgment. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} A review of the record reveals the following facts: The property at issue in this case is a shopping center known as "Village Square" located on Chagrin Boulevard near I-271 in Woodmere Village. In 1998, Village Square became the subject of a dispute between its owners, RREEF Mid-America Fund-I ("RREEF") and Orange, regarding the real estate valuation of the property for the years 1995 through 1999.
 {¶ 3} On August 10, 1998, Orange and RREEF entered into an Agreement (hereinafter "the Settlement Agreement") stipulating that the total taxable value of Village Square was $2,975,000 (fair market value of $8,500,000) for tax years 1995, 1996, 1997, 1998, and 1999. Paragraph 7 of the Settlement Agreement prohibited RREEF or Orange from filing a complaint for tax years 1998 or 1999, unless one of the following five conditions occurred:
 {¶ 4} "(a) The property is sold in an arm's length transaction;
 {¶ 5} "(b) The property loses value due to some casualty;
 {¶ 6} "(c) Substantial improvement(s) are added to the property;
 {¶ 7} "(d) There is an increase or decrease of at least 15% in the property's occupancy which has a substantial economic impact on the property; and
 {¶ 8} "(e) The auditor for tax years 1998 or 1999 does not value the property at the stipulated taxable value for tax year 1997 of $2,975,000 (or a fair market value of $8,500,000) and none of the conditions set forth in (a) through (d) are in existence."
 {¶ 9} Paragraph 11 of the Settlement Agreement provided that the Agreement was "binding upon the parties hereto, their successors and assigns."
 {¶ 10} On December 21, 1998, RREEF and Village/Chagrin entered into a Real Estate Purchase Agreement (hereinafter "the Purchase Agreement") for the sale of Village Square for the price of $16,700,000. Paragraph 5(b) of the Purchase Agreement provides the following:
 {¶ 11} "Purchaser acknowledges its receipt of the Agreement between the Seller and the Board of Education for the Orange City School District. In addition, and not in limitation of, any credits to Purchaser provided for in Section 5(a) hereinabove, Seller agrees to pay all amounts due under such Agreement with respect to Taxes for 1995-1998 (the `Back Taxes') at or before closing. * * * Seller agrees to supplement the Tax Deposit if it is insufficient to pay for Back Taxes."
 {¶ 12} On February 1, 1999, RREEF transferred the title to Village Square to Village/Chagrin.
 {¶ 13} On March 31, 1999, Orange filed a complaint against Village/Chagrin, claiming that the true value of Village Square for the year 1998 was $16,700,000, with a taxable value of $5,845,000. Orange based its claimed valuation on the sale price for the property paid to RREEF by Village/Chagrin on February 1, 1999.
 {¶ 14} In response to Orange's complaint, Village/Chagrin filed a counter-complaint alleging that Village Square's fair market value was $8,500,000, with a taxable value of $2,975,000 because Orange had previously stipulated to this valuation.
 {¶ 15} On June 12, 2000, the Cuyahoga County Board of Revision ("Board of Revision") issued its decision finding that the fair market value of Village Square for 1998 was $8,500,000 and $16,700,000 for 1999.
 {¶ 16} On July 12, 2000, Orange appealed the Board of Revision's decision with regard to the 1998 valuation to the Ohio Board of Tax Appeals ("BTA").
 {¶ 17} On May 17, 2002, following testimony from both sides, the hearing officer from the BTA issued his decision and found that the value of Village Square for 1998 was $16,700,000, based upon the recent sale between Village/Chagrin and RREEF. In so concluding, the hearing officer rejected Village/Chagrin's argument that the stipulated value of $8,500,000 should be used since "a stipulation of value for a prior year is not competent, probative evidence of the property's value for succeeding years." In addition, the hearing officer noted that he did not have the authority to determine whether Orange was foreclosed by the Settlement Agreement with RREEF from filing a complaint against Village/Chagrin for a valuation for 1998 and suggested that a declaratory judgment action or breach of contract action was better suited.
 {¶ 18} Village/Chagrin did not appeal the decision of the BTA.
 {¶ 19} On June 20, 2002, Village/Chagrin filed an action in the Cuyahoga County Court of Common Pleas seeking a declaratory judgment and damages for breach of contract on the basis of the Settlement Agreement entered into by Orange and RREEF in August 1998.
 {¶ 20} On January 22, 2003, Village/Chagrin and Orange filed cross-motions for summary judgment. Orange argued that the trial court lacked jurisdiction to hear the declaratory judgment action and that Village/Chagrin could not claim any rights under the Settlement Agreement between RREEF and Orange because it was not a party thereto. Village/Chagrin argued that Orange was bound by the terms of the Settlement Agreement since Village/Chagrin was an assignee or successor of RREEF.
 {¶ 21} On May 23, 2003, the trial court granted Orange's motion for summary judgment finding that it lacked jurisdiction to make the declaratory judgment sought by Village/Chagrin since Village/Chagrin failed to appeal the decision made by the BTA. In addition, the court noted that since RREEF was a necessary party to both the declaratory and breach of contract actions, its absence also warranted dismissal of the case.
 {¶ 22} It is from this decision that Village/Chagrin timely appeals and raises three assignments of error.
 {¶ 23} "II. The trial court erred in finding that appellant's claim was barred by the existence of a statutory procedure."
 {¶ 24} In its complaint, Village/Chagrin requests a declaration that
 {¶ 25} "the Agreement between RREEF, and Village/Chagrin as its assignee, and Defendant is a valid and binding Agreement between the parties;" "that Defendant breached the Agreement when it filed its complaint concerning the valuation of the property on March 31, 1999;" and that "the total taxable value of [Village Square] for the tax year 1998 was $2,975,000.00."
 {¶ 26} Generally, a trial court may not entertain an action for declaratory relief where a special statutory method for the determination of a particular type of case has been provided. State, ex. rel. IrisSales Company v. Voinovich, et al. (1975), 43 Ohio App.2d 18.
 {¶ 27} R.C. Chapters 5715 and 5717 establish special statutory procedures for testing the valuation and assessment of real property for tax purposes. Specifically, R.C. 5717.04 provides that an appeal from the decision of the BTA must be appealed to either the Supreme Court of Ohio or the Court of Appeals of Ohio for the county in which the property is sought.
 {¶ 28} Here, Village/Chagrin failed to file an appeal with either the Ohio Supreme Court or the Eighth District Court of Appeals following its receipt of the BTA's decision. Rather, Village/Chagrin initiated this action in Common Pleas Court. In defending this course of conduct, Village/Chagrin argues that an appeal under R.C. 5717.04 would have been fruitless since the BTA did not have jurisdiction to decide the underlying contractual dispute between Orange and Village/Chagrin. We disagree.
 {¶ 29} One of the exceptions to the rule of exhaustion of administrative remedies is where the administrative proceeding can afford no meaningful relief. Specifically, where the constitutionality of a statute, ordinance, or law is questioned, a party may institute a declaratory judgment action without first exhausting its administrative remedies. Avery v. Ohio Transportation Improvement District, et al.
(2001), 145 Ohio App.3d 155, 163.
 {¶ 30} Here, Village/Chagrin raised a contractual and not a constitutional issue before the hearing officer of the BTA. Specifically, that the stipulated value of Village Square for 1998, as found in the Settlement Agreement between RREEF and Orange, was binding on Orange. The hearing officer declined jurisdiction to address this issue, and, in a footnote, suggested that a declaratory or breach of contract action was better suited. Village/Chagrin should have followed the statutory procedures found in R.C. 5717.04 and appealed this determination to either the Eighth District Court of Appeals or the Ohio Supreme Court. Since it failed to do so, the trial court did not err in determining that it lacked jurisdiction to hear the declaratory action.
 {¶ 31} Assignment of Error II is overruled.
 {¶ 32} "III. The trial court erred in failing to find that appellee Orange City School District is bound by the terms of the contract fixing the value for tax year 1998 and that appellee Orange has breached the contract."
 {¶ 33} In its third assignment of error, Village/Chagrin argues that the trial court erred in granting summary judgment in favor of Orange because the "successors and assigns" clause in the Settlement Agreement between RREEF and Orange obligates Orange under that contract. We disagree.
 {¶ 34} Village/Chagrin is not a successor to RREEF. Generally, a successor is "another corporation which, through amalgamation, consolidation, or other legal succession, becomes invested with rights and assumes burdens of the first corporation." Unifirst Corp. v. JeffWyler Ford, Inc. (Jan. 19, 1993), Clermont App. No. CA92-08-079. Here, Village/Chagrin did not purchase the stock of RREEF or assume any of RREEF's liabilities, contractual liabilities, or obligations. Rather, the two corporations entered into a transaction for the sale of real property. Accordingly, there is no genuine issue of material fact as to whether Village/Chagrin is RREEF's successor.
 {¶ 35} Village/Chagrin is also not an assignee of RREEF. Paragraph 5(b) of the Purchase Agreement shows that Village/Chagrin received a copy of the Settlement Agreement between RREEF and Orange at the time it purchased Village Square. However, neither the language in the Purchase Agreement nor the evidence in the record demonstrates that RREEF assigned its rights and obligations under the Settlement Agreement to Village/Chagrin. Mere acknowledgment by Village/Chagrin that it had knowledge of and received the Settlement Agreement between RREEF and Orange is insufficient to confer assignment of that agreement to Village/Chagrin. Indeed, a further reading of Paragraph 5(b) shows that RREEF never intended to confer assignment to Village/Chagrin since RREEF is still responsible under the Purchase Agreement for the payment of any additional real estate taxes owed as a result of an increase in the value of the property for tax purposes. Since Village/Chagrin is not a party, successor, or assignee to the Settlement Agreement fixing the value of Village Square for the tax year 1998, it cannot assert any rights thereunder, and the trial court did not err in granting summary judgment on Village/Chagrin's breach of contract claim.
 {¶ 36} Assignment of Error III is overruled.
 {¶ 37} Our disposition of Assignment of Error II renders Assignment of Error I moot.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anne L. Kilbane, P.J., and Ann Dyke, J., concur.