DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated administrative appeal from a judgment of the Wood County Court of Common Pleas, in which the trial court affirmed the dismissal of appellants' tax complaint by the Wood County Board of Revision. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal appellants, Glen C. Wenz and Donald R. Wenz, set forth the following as their sole assignment of error:
 {¶ 3} "1. The Wood County Court of Common Pleas, sitting as an appellate court in an administrative appeal, abused its discretion and/or erred as a matter of law by upholding the Wood County Board of Revision's dismissal of appellants' tax complaint."
 {¶ 4} The relevant facts in this case are as follows. Originally, appellants were the owners of a 40 acre parcel of farmland in Wood County, Ohio, near the intersections of Simmons and Deimling Roads and State Route 20. The area is also known as the "golden triangle" due to its potential for commercial development.
 {¶ 5} In 1997, appellee, Rossford Transportation Improvement District ("RTID"), was created to oversee commercial development in the golden triangle. In May 1998, the RTID held an initial hearing to discuss the necessity of road and utility improvements in that area, and tentatively to determine the amounts of special assessments to pay for the improvements. After the initial hearing, appellants were told that the special assessment for their 40 acre parcel would be $5,769.
 {¶ 6} On April 14, 2000, the RTID held a second hearing, after which a special assessment of $207,498 for appellants' 40 acres was levied. On May 11, 2000, appellants were given notice that they could either pay the special assessment in full, or have the entire amount certified to the Wood County Auditor and added to their real estate taxes in equal semi-annual installments, plus 10 percent interest, over the next 20 years. In February 2002, appellants sold 18.5 acres of their land to Meijer Stores Limited Partnership ("Meijer"), for approximately $140,000 per acre. Appellants retained ownership of the remaining 21.5 acres.
 {¶ 7} On March 29, 2002, appellants filed a tax complaint with the Wood County Board of Revision ("BOR") in which they challenged both the RTID's method of valuation and the amount of the special assessment. On September 26, 2002, the RTID filed a counter-complaint in which they asserted that the amount of the special assessment was reasonable. On December 13, 2002, the BOR filed a decision in which it dismissed appellants' tax complaint as untimely filed.
 {¶ 8} A notice of appeal was filed in the Wood County Court of Common Pleas, pursuant to R.C. 5717.05. On August 22, 2003, the court of common pleas affirmed the BOR's dismissal of appellants' tax complaint. The court agreed with the BOR that, pursuant to R.C. 5715.19(A)(1), appellants' tax complaint was time-barred because it was not filed on or before March 31, 2001. On September 19, 2003, appellants filed a notice of appeal in this court.
 {¶ 9} Appellants assert in their sole assignment of error that, pursuant to R.C. 5715.19, they have up to three years from the date of the special assessment to file a tax complaint. In support thereof, appellants argue that R.C. 5714.19(A)(2) allows a land owner to file one tax complaint at any time within a three-year "interim period" after the assessment of a parcel has been made.
 {¶ 10} R.C. 5717.05, which gives authority to a court of common pleas to hear direct appeals from the BOR, also gives parties the right to "appeal from the judgment of the court on the questions of law as in other cases." Accordingly, we must decide in this case whether the lower court erred as a matter of law when it found that appellants' tax complaint was untimely filed and dismissed it on that basis.
 {¶ 11} In resolving this issue, we must keep in mind that taxing statutes are to be strictly construed, with any doubt to be resolved in favor of the taxpayer. Gulf Oil Corp. v. Kosydar
(1975), 44 Ohio St.2d 208, paragraph one of the syllabus. However, in enacting a statute, it must be presumed that:
"(B) The entire statute is intended to be effective;
"(C) A just and reasonable result is intended;
"(D) A result feasible of execution is intended." R.C. 1.47.
 {¶ 12} The RTID derives its authority to levy special assessments from R.C. Chapter 5540. Specifically, R.C.5540.031(F) provides, in relevant part, that:
 {¶ 13} "(F)(1) The board [of trustees for a transportation improvement district] may award contracts * * * for the construction, reconstruction, improvement, alteration, or repair of any improvement * * * and may issue notes, bonds, revenue anticipatory instruments, or other obligations, * * * to finance the improvements.
 {¶ 14} "(2) All or a part of the costs and expenses of providing for the construction, reconstruction, improvement, alteration, or repair of any improvement * * * may be paid from a fund into which may be paid special assessments levied under this section against the lots and parcels of land in the area to be benefited by the improvement * * *. These special assessments shall be levied no more than one time on the same lot or parcel of land * * *"
 {¶ 15} Pursuant to R.C. 5540.031(F)(4), special assessments may be paid in one lump sum, or in equal semiannual installments over a number of years. The statute provides that the collection of special assessments is to be made "in the same manner and at the same time as real property taxes are paid and collected * * *. Id. The statute further provides that "[c]omplaints regarding assessments may be made to the county board of revision in the same manner as complaints relating to the valuation and assessment of real property." Id.
 {¶ 16} The Supreme Court of Ohio has held that full compliance with R.C. 5715.19, which governs the filing of real estate tax complaints, "is necessary before a county board of revision is empowered to act on the merits of a claim." StanjimCo. v. Bd. of Revision of Mahoning Cty. (1974),38 Ohio St.2d 233, 235, cert. denied, 419 U.S. 1109. R.C. 5715.19(A)(1) provides that:
 {¶ 17} "(1) Subject to division (A)(2) of this section, a complaint against any of the following determinations for the current tax year[1] shall be filed with the county auditor on or before the thirty-first day of March of the ensuing tax year or the date of closing of the collection for the first half of real and public utility property taxes for the current tax year, whichever is later:
 {¶ 18} "* * *
 {¶ 19} "(d) The determination of the total valuation or assessment of any parcel that appears on the tax list * * *."
 {¶ 20} R.C. 5715.19(A)(2) states that "[n]o person * * * shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period * * *."[2] Id. The term "interim period" is statutorily defined as "the tax year to which section 5715.24 of the Revised Code applies and each subsequent tax year until the tax year in which that section applies again. Id.
 {¶ 21} R.C. 5715.24, states, in relevant part, that:
 {¶ 22} "(A) The tax commissioner, annually, shall determine whether the real property and various classes thereof in the several counties * * * which have completed a sexennial reappraisal in the current year and which will have the new taxable values placed on the tax list and duplicate have been assessed as required by law * * *."
 {¶ 23} "(B) Division (A) of this section also applies to a county in the third calendar year following the year in which a sexennial reappraisal is completed."[3]
 {¶ 24} It is undisputed in this case that the latest date for appellants to file a tax complaint pursuant to R.C. 5715.19(A)(1) was March 31, 2001, less than one year after the special assessment was made. However, appellants argue that R.C.5715.19(A)(2) effectively extends the time for filing a tax complaint for an additional three years. We disagree, for the following reasons.
 {¶ 25} We note at the outset that, in State v. Carney
(1956), 166 Ohio St. 81, the Supreme Court of Ohio articulated a clear distinction between special assessments and real property tax assessments by stating that:
 {¶ 26} "A special assessment is not a tax as such. It is an assessment against real property based on the proposition that, due to a public improvement of some nature, such real property has received a benefit. Such an assessment is levied only against the property benefited by the improvement.
 {¶ 27} "Real property taxes on the other hand have no relation to benefit but are levied at a uniform rate on all the real property in a tax district for the purpose of raising revenue for governmental operation." Id. at 83.
 {¶ 28} We further note that, prior to 1988, "complaints concerning the assessment of real property could be filed for each new tax year." Cincinnati School Dist. Bd. of Ed. v.Hamilton Cty. Bd. of Rev. (1996), 74 Ohio St.3d 639, 641,1996-Ohio-232. In fact, R.C. 5715.19(A)(2) was enacted specifically "to limit the number of times a person, board, or officer may make a complaint with respect to real property tax valuation and assessment." Id.
 {¶ 29} Most importantly, a condition precedent for the time limitation expressed in R.C. 5715.(A)(2) is the applicability of R.C. 5715.24. As set forth above, R.C. 5715.24 governs only real property assessments that are subject to sexennial reappraisal and/or reassessment. Special assessments, unlike real property assessments, may be made and levied upon a benefited property only once. R.C. 5540.031(F)(2).[4] No statute requires that special assessments be re-evaluated over any period of time. Accordingly, the three-year "interim period" set forth in R.C.5715.19(A)(2) does not apply in this case. Any other interpretation would render the time limitation in R.C.5715.19(A)(1) utterly meaningless.
 {¶ 30} Upon consideration of the foregoing, we find that the trial court did not err when it found that appellants' tax complaint was untimely filed and affirmed the BOR's dismissal of appellants' tax complaint on that basis. Appellants' sole assignment of error is not well-taken.
 {¶ 31} The judgment of the Wood County Court of Common Pleas is hereby affirmed. Court costs of these proceedings are assessed to appellants.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J. Concur.
[1] The phrase "current tax year" is statutorily defined as "the calendar year in which the first installment of taxes is due * * *." R.C. 323.01(F).
[2] R.C. 5715.19(A)(2) goes on to list four conditions under which more than one tax complaint may be filed in the interim period; however, it is undisputed that none of these conditions have been met in this case.
[3] Pursuant to R.C. 5715.33, real property is subject to reappraisal once in each six-year period for purposes of determining real property tax assessments, with the possibility of an adjustment in the assessed value of the property occurring in the third calendar year following a sexennial reappraisal.
[4] It is undisputed that the amount of the assessment in question has not been changed since April 14, 2000.