DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated administrative appeal from a judgment of the Wood County Court of Common Pleas, in which the trial court affirmed the Wood County Board of Revision's ("BOR") dismissal of a tax complaint filed by appellants, Doris J. Frye, Vivian
 {¶ 2} Heck, Evelyn F. Rigg, and Thomas E. Craine, and dismissed appellants' civil complaint for injunctive relief and declaratory judgment. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 3} At all times relevant to this appeal, appellants were the record owners of four separate parcels of land located near the intersection of State Route 785 and the Ohio Turnpike in Rossford, Ohio. In 1997, appellee, Rossford Transportation Improvement District ("RTID"), was created to oversee commercial development in that area. On April 14, 2000, the RTID held a hearing, after which special assessments were levied on appellants' parcels in the following amounts: $657,424 for parcel T68400030000009000; $42,534 for parcel T68400030000010000; $100,639 for parcel T68400030000028000; and $57,755 for parcel T68400030000018000.
 {¶ 4} On December 31, 2001, appellants filed a tax complaint with the BOR. On January 29, 2002, the RTID filed a counter-complaint in which they asserted that the amount of the special assessment was reasonable and warranted. On December 11, 2002, the BOR dismissed appellants' tax complaint as untimely filed.
 {¶ 5} On January 9, 2003, appellants filed a timely notice of appeal from the BOR's decision in the Wood County Court of Common Pleas, pursuant to R.C. 5717.05. That same day, appellants filed a complaint in the common pleas court seeking an injunction against the enforcement of the special assessments or, in the alternative, either a declaration that the assessments "are unconstitutional, capricious and unreasonable" or an order reducing the amount of the assessments. Specifically, appellants claimed that the RTID gave them insufficient notice in violation of both R.C. 5540.031 and the Due Process Clause of the Ohio Constitution, that the RTID overvalued their property, and that the special assessments were excessive and amounted to an unconstitutional taking of their private property. In addition to naming the RTID and the BOR as defendants, appellants' civil complaint also named Wood County Treasurer Jill Engle and Wood County Auditor Michael Sibbersen.[1]
 {¶ 6} On March 26, 2003, the RTID filed a motion for summary judgment as to appellants' administrative appeal and a memorandum in support, in which it asserted that the special assessments were lawfully levied against appellants' property. In addition, the RTID argued that appellants' tax complaint should be dismissed as untimely filed. The RTID also filed a motion for summary judgment as to appellants' civil complaint, in which it argued that, because appellants failed to file an administrative challenge to the amount of the assessments in a timely fashion, any additional claims as to defective notice or the amount of the special assessments are barred by the doctrine of exhaustion of administrative remedies.
 {¶ 7} On August 22, 2003, the court of common pleas upheld the BOR's dismissal of appellants' tax complaint. The court found that, because appellants' tax complaint was not filed on or before March 31, 2001, it was time-barred pursuant to R.C. 5715.19(A)(1). The trial court further found that appellants' complaint for injunctive and declaratory relief was barred under the doctrine of exhaustion of administrative remedies because the issues raised, i.e., lack of notice and excessive special assessments, "could be determined in the administrative process and should have been asserted by the [appellants] in the manner prescribed by the statute." On September 18, 2004, a timely notice of appeal was filed in this court.
 {¶ 8} Appellants set forth the following as their first assignment of error:
 {¶ 9} "1. The Common Pleas Court erred in holding that the Wood
County Board of Revision lacked jurisdiction to hear plaintiffs' tax complaints."
 {¶ 10} R.C. 5715.19(A)(1) provides that a complaint against the assessment of any parcel that appears on the tax list must be filed "on or before the thirty-first day of March of the ensuing tax year or the date of closing of the collection for the first half of real and public utility property taxes for the current tax year, which ever is later * * *." Id. It is undisputed in this case that appellants' tax complaint was not filed until December 31, 2001, nine months past the statutory filing period provided by R.C. 5715.19(A)(1). However, appellants argue that the tax complaints were not untimely filed, because R.C. 5715.19(A)(2) provides a three-year "interim period"[2] during which a taxpayer may file a tax complaint, provided that no other such complaint has been filed "against the valuation or assessment of that parcel for any prior tax year in the same interim period * * *." Id.
 {¶ 11} Upon consideration, we find that the issue raised in appellants' first assignment of error is identical to the one raised inWenz v. Wood Co. Bd. of Revision, 6th Dist. No. WD-03-072, 2004-Ohio-2781, in which we found that the three-year "interim period" set forth in R.C. 5715.19(A)(2) does not apply in cases where a property owner files a tax complaint challenging a special assessment, and the complaint is filed in violation of the time requirement set forth in R.C. 5715.19(A)(1). Accordingly, the common pleas court did not err by dismissing appellants' tax complaints as untimely filed and affirming the BOR's dismissal of the complaints on that basis. Appellants' first assignment of error is not well-taken.
 {¶ 12} Appellants set forth the following as their second assignment of error:
 {¶ 13} "2. The Common Pleas Court erred in granting the Rossford, Ohio Transportation Improvement District's motion for summary judgment."
 {¶ 14} Appellants assert in their second assignment of error that the common pleas court erred by finding that appellants failed to exhaust their administrative remedies and dismissing their complaint for injunctive and declaratory relief on that basis. Appellants argue that, even if their tax complaints were not timely filed, they are not barred from raising constitutional claims relating to the issues of notice and the amount of the special assessments.
 {¶ 15} We note at the outset that an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, after construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 16} It is well-established in Ohio that a party must exhaust all available avenues of administrative relief before seeking court action in an administrative matter. Basic Dist. Corp. v. Ohio Dept. of Taxation
(2002), 94 Ohio St.3d 287, 290, 2002-Ohio-794, citing Noernberg v. BrookPark (1980), 63 Ohio St.2d 26, 29. The doctrine exists to "permit an administrative agency to apply its special expertise * * * and in developing a factual record without premature judicial intervention."Nemazee v. Mt. Sinai Medical Ctr. (1990), 56 Ohio St.3d 109, 111 (Other citation omitted.).
 {¶ 17} "In Ohio, the exhaustion-of-administrative-remedies doctrine is a court-made rule of judicial economy." Nemazee, supra. Accordingly, "a party cannot be deemed to have exhausted its administrative remedies by filing an untimely administrative appeal and having subsequent administrative appeals rejected expressly on that basis." Cooper v.Dayton (1997), 120 Ohio App.3d 34, 38.
 {¶ 18} Recently, this court has addressed the specific issue of whether a property owner's failure to exhaust his or her administrative remedies bars statutory and constitutional challenges to a special assessment levied by the RTID. In Avery v. Rossford, Ohio Transp.Improvement Dist. (2001), 145 Ohio App.3d 155, we found that the BOR has the power, pursuant to R.C. Chapter 5540, to resolve issues relating to the RTID's valuation of property and the amount of special assessments to be levied. Id at 163. In that case, we concluded that questions raised by a property owner concerning lack of notice and excessive assessments, i.e., "takings" issues, are particularly suited to administrative review and should be addressed through that process. Id. Accordingly, the exhaustion of administrative remedies operates as "a prerequisite to any further judicial action." Id.
 {¶ 19} Appellants urge us to reject our prior holding in Avery and, instead, adopt the Ohio Supreme Court's holding in Domito v. Village ofMaumee (1942), 140 Ohio St. 229, and its successor, Wolfe v. City ofAvon (1984), 11 Ohio St.3d 81. However, we decline to follow appellants' interpretation of the holdings in Domito and Wolfe for two reasons.
 {¶ 20} First, our decision in Avery is directly on point as to the issue raised in appellants' second assignment of error. Second, inDomito and, later, in Wolfe, the Ohio Supreme Court held that, while the failure to file statutory objections to an assessment by a municipality for water and sewer improvements does not prevent a property owner from "resisting collection on constitutional grounds," it does preclude him "from escaping payment by asserting non-compliance with statutory requirements on the part of the assessing body * * *." Domito, supra, paragraph two of the syllabus. See also, Wolfe, supra, at 83. Accordingly, in our view, a constitutional challenge in a case such as this one, where administrative review was available on virtually all of the issues raised in support of appellants' constitutional claims, should not be allowed pursuant to Domito and Wolfe.
 {¶ 21} Upon consideration of the record that was before the trial court, the law, and our determination as to appellants' first assignment of error, we find that the issues raised in appellants' civil complaint could have been, but were not, raised in an administrative proceeding. Accordingly, the trial court did not err by finding that those issues were precluded by the doctrine of exhaustion of administrative remedies and dismissing the complaint on that basis. Appellants' second assignment of error is not well-taken.
 {¶ 22} We further find that there remains no other genuine issue of material fact and, after construing the evidence most strongly in favor of appellants, appellees are entitled to summary judgment as a matter of law. The judgment of the Wood County Court of Common Pleas is hereby affirmed. Court costs of these proceedings are assessed to appellants.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J. concur.
[1] Jill Engle and Michael Sibbersen are not parties to this appeal.
[2] The term "interim period" is statutorily defined as "the tax year to which section 5715.24 of the Revised Code applies and each subsequent tax year until the tax year in which that section applies again." Id. R.C. 5715.24 refers to the sexennial reappraisal of the taxable value of real estate, with the possibility of an adjustment in the value of real estate in the third calendar year following a sexennial reappraisal.