[Cite as *State v. Holliday*, 2011-Ohio-4211.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 10 CA 54 |
| ANTWAUN T. HOLLIDAY | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common Pleas, Case No. 09 CR 364


JUDGMENT:        Affirmed


DATE OF JUDGMENT ENTRY:        August 22, 2011


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| GREGG MARX<br>ASSISTANT PROSECUTOR<br>239 West Main Street, Suite 101<br>Lancaster, Ohio 43130 | WILLIAM J. HOLT<br>117 West Main Street<br>Suite 104<br>Lancaster, Ohio 43130 |

*Wise, J.*

{¶1} Appellant Antwaun T. Holliday, an inmate at the Southern Ohio Correctional Facility, appeals the decision of the Court of Common Pleas, Fairfield County, denying appellant's motion for a hearing on garnishment of his inmate account for court costs. The relevant facts leading to this appeal are as follows.

{¶2} On April 8, 2010, appellant entered an *Alford* plea of guilty in the Fairfield County Court of Common Pleas to one amended count of conspiracy to commit illegal conveyance of a drug of abuse onto the grounds of a detention facility (R.C. 2921.36(A)(2) and 2923.03(A)(1)). The trial court found appellant guilty and sentenced him on May 11, 2010 to six months in prison, consecutive to additional felony sentences from Delaware County. Appellant was also ordered to pay court costs.

{¶3} On or about August 30, 2010, the DRC sent appellant a document (#DRC1598) from the warden's collection designee captioned "Court Order to Pay a Stated Obligation," indicating that the sum $979.00 from his inmate account was being applied to his court costs. On September 13, 2010, appellant filed a motion in the trial court seeking an order preventing the garnishment and a request for a stay and a court hearing. Appellant additionally filed a memorandum in support on October 4, 2010.

{¶4} On October 8, 2010, the trial court, having conducted a non-oral hearing only, issued a judgment entry denying appellant's aforesaid requests.

{¶5} On November 4, 2010, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶6} "I. A TRIAL COURT MUST AFFORD A RECORD HEARING TO A CRIMINAL DEFENDANT WHO RAISES THE ISSUE OF WHETHER HIS INMATE

ACCOUNT WAS PROPERLY APPLIED TO PAY HIS OBLIGATION UNDER THE JUDGMENT ENTRY WHICH SENTENCES HIM."

I.

**{¶7}** In his sole Assignment of Error, appellant contends the trial court erred in denying him a hearing to address the garnishment of his inmate account for court costs. We disagree.

**{¶8}** R.C. 5120.133(A) provides for the withdrawal of funds to satisfy court costs as follows:

**{¶9}** "The department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department. The department may transmit the prisoner's funds directly to the court for disbursement or may make payment in another manner as directed by the court. Except as provided in rules adopted under this section, when an amount is received for the prisoner's account, the department shall use it for the payment of the obligation and shall continue using amounts received for the account until the full amount of the obligation has been paid. No proceedings in aid of execution are necessary for the department to take the action required by this section."

**{¶10}** In addition, OAC 5120-5-03 sets forth administrative guidelines for such withdrawal/collection procedures. In *State v. Peacock*, Lake App.No. 2002-L-115, 2003-Ohio-6772, the Eleventh District Court of Appeals addressed OAC 5120-5-03 in the context of a due process argument. The Court first articulated that due process

generally requires a right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Peacock* at ¶ 55, citing *Bell v. Beightler* (Jan. 14, 2003), Franklin App.No. 02AP-569, 2003-Ohio-88, ¶ 51. The Court continued: "Ohio Adm.Code 5120-5-03 provides a detailed garnishment procedure. It requires the warden's designee to determine whether 'the judgment and other relevant documents are facially valid.' Ohio Adm.Code 5120-5-03(C). The warden's designee then provides notice to the inmate of the debt and its intent to seize money from the inmate's account. Id. The notice must inform the inmate of a right to claim exemptions and the type of exemptions available under R.C. 2329.66. Id. Only after the inmate has had an opportunity to assert any exemption or defense, may money be withdrawn from the inmate's account. Id. *** Ohio Adm.Code 5120-5-03 comports with the due process requirements of the Fifth and Fourteenth Amendments to the United States Constitution." *Peacock* at ¶ 56. See, also, *Porter v. Ward*, Richland App.No. 07 CA 33, 2007-Ohio-5301, ¶ 37.

**{¶11}** As noted in our recitation of facts, on or about August 30, 2010, the DRC sent appellant a form indicating that $979.00 from his inmate account was being garnished for court costs. On September 13, 2010, appellant filed a motion in the trial court seeking an order preventing the garnishment and a request for a stay and a court hearing. However, "[i]t is well-established in Ohio that a party must exhaust all available avenues of administrative relief before seeking court action in an administrative matter." *Frye v. Wood County Bd. of Revision*, Wood App.No. WD-03-071, 2004-Ohio-3452, ¶ 16, citing *Basic Dist. Corp. v. Ohio Dept. of Taxation* (2002), 94 Ohio St.3d 287, 290, 762 N.E.2d 979, 2002-Ohio-794. The DRC form states that appellant, within stated time restrictions, had the right to explain to the warden's collection designee in writing if any

exemptions to garnishment under R.C. 2329.66 or other provision of law applied; it also states that appellant had the right to an informal hearing with the warden's collection designee. Appellant does not articulate herein that he utilized these administrative procedures before filing his request for a court hearing, and our review of the trial court file also leads us to conclude he did not exhaust his administrative review remedies. Thus, in the absence of clear statutory guidance establishing the right to a direct court hearing in these circumstances, we are unpersuaded that appellant was not afforded due process of law concerning the garnishment of his inmate account.

{¶12} Accordingly, appellant's sole Assignment of Error is overruled.

{¶13} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

_____

_____

_____

JUDGES

JWW/d 0804

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                      :
                                                   :
    Plaintiff-Appellee                        :
                                                   :
-vs-                                               :          JUDGMENT ENTRY
                                                   :
ANTWAUN T. HOLLIDAY                                 :
                                                   :
    Defendant-Appellant                       :          Case No. 10 CA 54


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____

JUDGES