OPINION
{¶ 1} This is an appeal from a summary judgment ruling in favor of Progressive Insurance Company in the Court of Common Pleas of Ashland County.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The facts indicate that Glen C. Hammond, now deceased and represented by his Executor in this cause, was operating a motorcycle in a rural area of Ashland County on October 1, 2001. He was riding to the rear of the motorcycle of his friend, Joseph L. Davis.
{¶ 3} Mr. Davis came over a small hill after proceeding through two curves in the road and suddenly came upon a combine. No issue has been raised as to the combine, operated by an unknown driver, not being in its legal occupation and use of the roadway. Mr. Davis was able to avert a collision by swerving and passing the combine.
{¶ 4} Mr. Hammond, on the other hand, upon also coming over the hill and facing the combine in his path, lost control, went off the road and suffered severe injuries. He was in a coma from such accident date until his death in October, 2003. He did not collide with the combine.
{¶ 5} Appellant, at oral argument, admitted to no claim or knowledge of negligence at the time and place of the accident on the part of the combine driver.
{¶ 6} This action was filed against Progressive Insurance Company (Progressive), Appellee, the insurance carrier for Mr. Hammond.
{¶ 7} As stated, the court sustained the Civil Rule 56 Motion of Appellee.
{¶ 8} Three Assignments of Error are raised:
 ASSIGNMENTS OF ERROR
{¶ 9} "I. The trial court erred in granting summary judgment as ohio revised code §§ 4511.21, the assured-clear-distance-ahead statute, has no application in a case which does not involve a collision.
{¶ 10} "II. The trial court erred in granting summary judgment as genuine issues of material fact exist regarding whether the object was a reasonably discernible one and whether the object was too close to be avoided.
{¶ 11} "III. The trial court erred in granting summary judgment by finding that mr. hammond could or should have avoided the object based upon the actions of the other driver."
 I.
{¶ 12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
{¶ 13} Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
{¶ 14} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
{¶ 15} Prior to considering the Assignments of Error, we must look to the basis of the suit filed by Appellant.
{¶ 16} The suit was predicated as to Appellee, Progressive Insurance Company, on that portion of Mr. Hammond's policy providing underinsured coverage in Count Three.
{¶ 17} Count One asserted negligence on the part of the unknown combine driver and Count Two asserted loss of consortium due to the injuries resulting from the negligent combine operation.
{¶ 18} In oral argument, Appellant's counsel acknowledged the inability to establish negligence on the part of such unknown operator.
{¶ 19} Revised Code 3937.18(c) provides in part:
{¶ 20} "If underinsured motorist coverage is included in a policy of insurance, the underinsured motorist coverage shall provide protection for insureds thereunder for bodily injury, sickness, or disease, including death, suffered by any insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the underinsured motorist coverage. Underinsured motorist coverage in this state is not and shall not be excess coverage to other applicable liability coverages, and shall only provide the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable to the insured were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured."
{¶ 21} In addition, the argument asserted was to the effect that a jury question was presented as to comparative negligence and therefore the summary judgment ruling was improper.
{¶ 22} Revised Code 4511.202(A) states:
{¶ 23} "No person shall operate a motor vehicle, trackless trolley, or streetcar on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, or streetcar."
{¶ 24} Revised Code 4511.21(A) states:
{¶ 25} "No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."
{¶ 26} Manning v. Wilmont (1985), 29 Ohio App. 3d 94 states:
{¶ 27} "`Assured clear distance' rule requiring that driver keep an assured clear distance between his vehicle and a visible object in his path of travel is applicable to motorcycles as well as to automobiles."
{¶ 28} We shall review each of the Assignments of Error together as each is without merit.
{¶ 29} First, Appellant's action as to Progressive and as to a jury question on the issue of comparative negligence requires negligence of the other party (the combine operator), which is not present here. Also, underinsured coverage requires inadequate coverage by the driver at fault. This also is not present.
{¶ 30} In addition, the trial court had before it the fact that Mr. Davis, who was confronted by the combine, immediately over the hill, avoided contact while Mr. Hammond, who came over the hill, subsequently did not.
{¶ 31} Under the facts presented, the Assignments, as stated, fail.
{¶ 32} The judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Boggins, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs assessed to Appellant.