OPINION
{¶ 1} Plaintiff-appellant, Stephen Wilson, appeals the decision of the Clermont County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Gilbert Maple ("Maple"), and American Home Assurance Company ("American Home"). We affirm.
 {¶ 2} The record on appeal reveals the following relevant facts: Appellant worked as a production technician at Sun Chemical Company ("Sun Chemical") on Bach-Buxton Road. At approximately 7:00 a.m. on November 30, 2001, appellant and another employee, Brian White, were walking from one building towards another at Sun Chemical's plant when they noticed a semi tractor-trailer in the parking lot. The driver of the semi asked for assistance in backing out of the lot. Appellant agreed to help and walked out into the northbound lane of Bach-Buxton Road to begin directing traffic. White continued on his way.
 {¶ 3} Maple, traveling northbound on Bach-Buxton Road at the same time that appellant was attempting to guide the semi out of Sun Chemical's parking lot, struck appellant with the front bumper of his motor vehicle. Appellant suffered serious injuries as a result of the collision.
 {¶ 4} On September 18, 2003, appellant filed this action against Maple, alleging that Maple was negligent when he struck him with his vehicle on the morning of the accident. At the time of the accident, Sun Chemical was covered by a business auto insurance policy through American Home. Accordingly, American Home was later joined as a defendant.
 {¶ 5} Maple and American Home both moved for summary judgment. Maple argued in his motion that he could not be found negligent because he had the right of way at the time of the accident, and because he did not see appellant in time to avoid a collision. American Home argued in its motion that appellant's injuries were not covered under the policy issued to Sun Chemical. The trial court granted both motions and this appeal followed, in which appellant raises two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT FOUND INCORRECTLY THAT REASONABLE MINDS COULD NOT CONCLUDE THAT APPELLEE MAPLE FAILED TO MAINTAIN AN ASSURED CLEAR DISTANCE FROM APPELLANT STEPHEN WILSON'S PERSON."
 {¶ 8} Appellant argues in his first assignment of error that the trial court erred in granting summary judgment because reasonable minds could conclude that Maple negligently drove his vehicle on the morning of the accident. Specifically, appellant contends that Maple should have seen him standing in the roadway, and that Maple was negligent per se because he failed to maintain an assured clear distance in violation of R.C. 4511.21(A).
 {¶ 9} To begin, Civ.R. 56(C) provides, in relevant part, that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * [S]ummary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 10} The Ohio Supreme Court has repeatedly held that summary judgment under Civ.R. 56 is appropriate when (1) no genuine issue as to a material fact remains to be litigated, (2) viewing the evidence most strongly in favor of the non-moving party, it appears that reasonable minds can only come to a conclusion adverse to the non-moving party, and (3) the moving party is entitled to judgment as a matter of law. See e.g. Stateex rel. Zimmerman v. Thompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211.
 {¶ 11} When reviewing a motion for summary judgment, the lower court and appellate court utilize the same standard; we review the judgment independently and without deference to the trial court's determinations. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296.
 {¶ 12} R.C. 4511.21(A), the assured clear distance ahead statute, provides: "No person shall operate a motor vehicle * * * at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."
 {¶ 13} A driver violates R.C. 4511.21(A) if he collides with an object that (1) is ahead of him in his path of travel, (2) is stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) is reasonably discernible. Pond v. Leslein, 72 Ohio St.3d 50, 52,1995-Ohio-193. A violation of R.C. 4511.21(A) is negligence per se. Id. at 53.
 {¶ 14} The parties do not dispute elements one through three. When Maple collided with appellant, appellant was ahead of Maple in Maple's path of travel, standing stationary, and already present in the road. At issue in this case is whether there was sufficient evidence submitted to the trial court from which a jury could conclude that appellant was reasonably discernible.
 {¶ 15} The Civ.R. 56 evidence offered by the parties reveals the following: Neither party was cited for violating any traffic laws. Pursuant to the police accident report, the road contour at the scene of the accident was straight and level. The road condition was wet, and the weather was cloudy. Appellant was standing in the northbound lane of Bach-Buxton Road when he was struck, and he was not in a marked crosswalk. Under "Contributing Circumstances," the accident report indicates "Not Visible (Dark Clothing)."
 {¶ 16} Appellant testified at his deposition that as he was guiding the semi, vehicles on the southbound side of Bach-Buxton Road were stopping. He further testified he was not certain, but believed some vehicles on the road had their headlights turned on. He testified that he was wearing a work uniform consisting of dark blue pants and a "lighter" colored shirt. He also testified that he was not holding a flare, flashlight, or other signaling device while standing in the road, and that he did not see Maple before the collision. Appellant was directing traffic, and the next thing he recalled was waking up in the hospital. According to appellant, the weather was "light cloudiness."
 {¶ 17} Maple testified by affidavit that he was traveling on Bach-Buxton Road with his headlights turned on, that he was traveling within the posted speed limit, and that he was obeying all traffic laws at the time of the collision. He further testified that prior to striking appellant, he did not have the opportunity to observe him, nor did he have time to take evasive action. According to Maple, the weather was foggy and wet.
 {¶ 18} Whether a genuine issue of material fact precluding summary judgment exists requires a court to answer the following inquiry: "Does the evidence present a sufficient disagreement to require submission to a jury or is it so one-sided that one party must prevail as a matter of law?" Turner v. Turner,67 Ohio St.3d 337, 340, 1993-Ohio-176. Considering this question with respect to the instant case, we must determine the following:could a jury conclude from the foregoing evidence that appellant was reasonably discernible while standing in Bach-Buxton Road on the morning of the accident, or is the evidence so one-sided that Maple is entitled to judgment as a matter of law?
 {¶ 19} After carefully reviewing the record and the evidence submitted by the parties in this case, we find that the evidence is so one-sided that Maple is entitled to judgment as a matter of law. Appellant was standing in the road without a signaling device, wearing dark clothing under conditions that prompted at least one driver, and possibly others, to have headlights turned on. Wilson offered no other evidence that he was reasonably discernable. Maple testified that he did not see appellant, and appellant testified that he did not see Maple. No other eyewitness testimony was submitted.
 {¶ 20} On such evidence, no reasonable jury could find that appellant was reasonably discernible at the time of the accident. Accordingly, Maple is entitled to judgment as a matter of law on the claim that he was negligent for failing to maintain an assured clear distance in violation of R.C. 4511.21(A).
 {¶ 21} To the extent appellant has raised other issues under his first assignment of error, we have considered them, and find them to be without merit.
 {¶ 22} The first assignment of error is overruled.
 {¶ 23} Assignment of Error No. 2:
 {¶ 24} "THE TRIAL COURT FOUND INCORRECTLY THAT THE AMERICAN HOME POLICY ISSUED TO [SUM CHEMICAL] EXCLUDED THE APPELLANT WHEN IT IS UNDISPUTED THAT THE APPELLANT WAS INJURED BY A MOTOR VEHICLE WHILE WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT."
 {¶ 25} In his second assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of American Home. Appellant first contends that the policy issued to Sun Chemical includes uninsured, underinsured ("UM/UIM") coverage, and that as an employee of Sun Chemical, he is a named insured under the policy legally entitled to UM/UIM coverage.
 {¶ 26} UM/UIM coverage is liability coverage that protects an insured against a tortfeasor who is uninsured or underinsured. See Sprint Corp. v. Continental Casualty Co., Cuyahoga App. Nos. 83468, 83475, 2004-Ohio-6298, ¶ 22. Accordingly, a precondition to UM/UIM coverage is the existence of a tortfeasor. See Hammond v. Doe I, Ashland App. No. 04-COA-086,2005-Ohio-4075. In the instant case, neither Maple nor any other party was found liable to appellant or Sun Chemical for the injuries appellant suffered as a result of the collision with Maple. Consequently, even if appellant is a named insured under the policy at issue in this case, he is not entitled to UM/UIM coverage.
 {¶ 27} Appellant also contends that he is a named insured entitled to coverage under the policy's Auto Medical Payments Coverage endorsement. Under the heading "Coverage" the endorsement provides: "We [Home Assurance] will pay reasonable expenses incurred for necessary medical and funeral services to or for an `insured' who sustains `bodily injury' caused by `accident.'"
 {¶ 28} This provision provides coverage for accidents. Therefore, the liability of a tortfeasor is not a condition of coverage. However, the endorsement includes an exclusion for "`Bodily injury' to your `employee' arising out of and in the course of employment by you." Neither party disputes that appellant was in the course of his employment when he sustained his injuries. Thus, even assuming appellant qualifies as a named insured under the medical payments endorsement, his injuries fall under the endorsement's exclusion for accidents occurring in the course of employment.
 {¶ 29} Appellant's contention that the trial court erred in granting summary judgment to American Home is not well-taken.
 {¶ 30} The second assignment of error is overruled.
 {¶ 31} Judgment affirmed.
Walsh and Bressler, JJ., concur.