**NICOLAZZO et al.,**

v.

**YOINGCO et al.**

2007-Ohio-7269.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2007 CVC 0354.

Decided Sept. 14, 2007.

46

48

William Eric Minamyer, for plaintiffs.

Dennis Yoingco, pro se.

---

HADDAD, Judge.

{¶ 1} This matter came before the court on September 7, 2007, pursuant to a motion to dismiss filed by the defendant, Dennis Yoingco. The plaintiffs, Flora and Robert Nicolazzo, and the defendant, Yoingco, signed an agreed entry, dated March 26, 2007, in which the defendant admitted that he is in fact the defendant Christy Belltone for the purposes of this action. Further, the parties agreed that the defendant Yoingco is in fact the defendant Cincinnati Bulldogs for the purposes of this action. Upon hearing oral arguments on the motion, the court took the matter under advisement and now renders the following decision.

## FINDINGS OF FACT

{¶ 2} Flora Nicolazzo purchased a bulldog puppy from Yoingco in early 2006. A dispute arose when Nicolazzo ceased making payments to the defendant. Yoingco filed a civil complaint in Warren County, and judgment was entered in favor of Yoingco. Nicolazzo was then served with notice of a judgment debtor examination. Nicolazzo completed the questionnaire provided by the court, which cancelled the scheduled examination. Yoingco, alleging that he had additional questions, asked the Warren County Court to issue an order directing Nicolazzo to appear to answer his additional questions. Nicolazzo failed to appear for that examination, and a civil contempt bench warrant was issued. Nicolazzo was arrested and posted bond. Nicolazzo appeared in the Warren County Court, and the judge made "no finding of contempt" and ordered a payment schedule for Nicolazzo's debt. The plaintiffs allege that Yoingco repeatedly called and e-mailed them, using threatening and outrageous language. The plaintiffs further allege that the defendant posted websites and other messages on the Internet that defamed the plaintiffs, including a copy of Nicolazzo's driver's license and a mock wanted poster.

{¶ 3} The plaintiff filed a verified complaint on February 26, 2007, alleging defamation, false light, abuse of process, telecommunications harassment, and intentional infliction of emotional distress. The plaintiffs also sought a temporary restraining order ("TRO") and a preliminary injunction. The parties agreed on March 26, 2007, that the defendant Yoingco and the defendants Christy Belltone and Cincinnati Bulldogs are in fact the same person, that person being Dennis Yoingco. The parties further agreed that Yoingco would refrain from communicating with third persons regarding the plaintiffs in any manner or media, except as required by law, in the pending Warren County Court action, or in the within action in this court pending a final ruling in this case. Pursuant to this agreed entry, and upon confirming that the defendant had removed the alleged website from the Internet, the plaintiffs withdrew their requests for the TRO and preliminary injunction. The defendant then filed a motion to dismiss on March 26, 2007.

{¶ 4} The court notes that at an oral hearing held on July 26, 2007, regarding the defendant's motion to compel, the parties discussed the need to convert the defendant's motion to dismiss to a motion for summary judgment. The court put the parties on notice at that time that to the extent necessary, it would convert the defendant's motion pursuant to Civ.R. 12(B). The parties then agreed at the hearing on the motion to dismiss, held on September 7, 2007, that to the extent necessary, the defendant's motion to dismiss would in fact be converted to a motion for summary judgment.

## THE LEGAL STANDARD

{¶ 5} In order for the court to grant a Civ.R.12(B)(6) motion for failure to state a claim upon which relief can be granted, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Avery v. Rossford Transp. Improvement Dist.* (2001), 145 Ohio App.3d 155, 164, 762 N.E.2d 388. See also *Guess v. Wilkinson* (1997), 123 Ohio App.3d 430, 434, 704 N.E.2d 328, 330, citing *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063. All factual allegations of the complaint must be taken as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Avery* at 164, 762 N.E.2d 388, citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. However, the court does not have to presume the truth of conclusions unsupported by factual allegations. *Guess* at 434, 704 N.E.2d 328. The court can consider only materials and evidence found within the complaint when determining a Civ.R. 12(B)(6) dismissal. Should the court consider evidence outside of the pleadings, it must convert the 12(B)(6) motion into a motion for summary judgment. The parties must be given notice of the court's intent to do so. Civ.R. 12(B).

{¶ 6} In considering a motion for summary judgment, the court will look at the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact. Civ.R. 56(C). Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 7} The party requesting summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Id. at 66, 8 O.O.3d 73, 375 N.E.2d 46; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. In determining whether a genuine issue of material fact exists, the court must answer the following inquiry: "Does the evidence present a sufficient disagreement to require submission to a jury or is it so one-sided that one party must prevail as a matter of law?" *Wilson v. Maple,* Clermont App. No. CA2005–08–075, 2006-Ohio-3536, 2006 WL 1880505, ¶ 18, citing *Turner v. Turner* (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123. The moving party cannot discharge its initial burden by making conclusory assertions that the nonmoving party has no evidence to prove its case. *Dresher* at 293, 662 N.E.2d 264. The moving party must specifically point to evidence that affirmatively demonstrates that the nonmoving party has no evidence to support its claim. Id.

{¶ 8} Once the moving party satisfies its burden, "the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." Civ.R. 56(E); *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 359–360, 604 N.E.2d 138.

{¶ 9} "Where the moving party indicates that the evidentiary materials submitted disclose an absence of evidence to support the nonmoving party's claim, and the nonmoving party fails to make a showing sufficient to establish the existence of an element that is essential to his case and on which he will bear the burden of proof at trial, there are no genuine issues of material fact and Civ.R. 56(C) mandates the entry of summary judgment in favor of the moving party." *Wilson v. Fifth Third Bank of S. Ohio* (June 13, 1994), Brown App. No. CA94–01–001, 1994 WL 250144, at 2, citing *Celotex v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265, and *Morris v. Children's Hosp. Med. Ctr.* (1991), 73 Ohio App.3d 437, 439–440, 597 N.E.2d 1110.

## LEGAL ANALYSIS

{¶ 10} The defendant in this matter converted his motion to dismiss into a motion for summary judgment at the hearing on September 7, 2007. However, the court feels that the defendant, having represented himself, does not recognize the distinction between a motion to dismiss and a motion for summary judgment. Since the court is not sure that the defendant would have agreed with the plaintiffs that his motion should be converted to a motion for summary judgment had he known and realized the distinction between the two, the court feels duty-bound to consider the evidence in the context of both a Civ.R. 56 motion for summary judgment and a Civ.R. 12(B)(6) motion to dismiss.

### First Cause of Action:
### Defamation

{¶ 11} "The essential elements of a common law defamation action are: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *McWeeney v. Dulan,* Warren App. No. CA2003–03–036, 2004-Ohio-1507, 2004 WL 602306, ¶ 20–24, citing *Akron–Canton Waste Oil, Inc. v. Safety–Kleen Oil Serv., Inc.* (1992), 81 Ohio App.3d 591, 601, 611 N.E.2d 955. See also *Heidel v. Amburgy,* Warren App. No. CA2002–09–092, 2003-Ohio-3073, 2003 WL 21373164,

¶ 14, citing *Celebrezze v. Dayton Newspapers, Inc.* (1988), 41 Ohio App.3d 343, 346–347, 535 N.E.2d 755, and *Hahn v. Kotten* (1975), 43 Ohio St.2d 237, 243, 72 O.O.2d 134, 331 N.E.2d 713; *Daubenmire v. Sommers* (2004), 156 Ohio App.3d 322, 340, 2004-Ohio-914, 805 N.E.2d 571, citing *Celebrezze* at 346–347, 535 N.E.2d 755. "A statement is false and defamatory if it is directed against an individual with an intent to injure his reputation or to expose him to public hatred, contempt, ridicule, shame, or disgrace or to affect him injuriously in his trade, business or profession." *McWeeney*, 2004 WL 602306 at ¶ 26, citing *Robb v. Lincoln Publishing (Ohio), Inc.* (1996), 114 Ohio App.3d 595, 616, 683 N.E.2d 823, see also *Heidel*, 2003 WL 21373164 at ¶ 14, citing *Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 345–346, 94 S.Ct. 2997, 41 L.Ed.2d 789. Under Ohio law, for a statement to actionable, it must be a statement of fact and not of opinion. *Heidel*, 2003-Ohio-3073, 2003 WL 21373164 at ¶ 15, citing *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 281, 649 N.E.2d 182. It is up to the court to decide whether the statement is a matter of fact or opinion. The court must use a "totality-of-the-circumstances" test, looking at the specific language used, whether the statement is verifiable, the general context of the statement, and the broader context in which the statement appeared. *Heidel*, 2003-Ohio-3073, 2003 WL 21373164 at ¶ 15, citing *Vail* at 281, 649 N.E.2d 182.

{¶ 12} The plaintiffs allege that the defendant, since 2006, continuously defamed the plaintiffs by making statements about the plaintiffs that are false, and known to the defendant to be false, and that these statements were published by the defendant both in writing and orally. The court finds that this cause of action should not be dismissed for failure to state a claim upon which relief can be granted since, taking all factual allegations of the complaint to be true and drawing all reasonable inferences in favor of the nonmoving party, the plaintiffs have proven a set of facts in support of their claim for defamation that could entitle them to relief.

{¶ 13} The court further finds that the defendant's motion for summary judgment as to the plaintiffs' claim for defamation should be denied. In considering a motion for summary judgment, the court will look at the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact. The defendant failed to present any evidence outside of the pleadings related to the plaintiffs' claim for defamation. The defendant did, in his oral arguments, indicate that all statements made by him in relation to the plaintiffs were true. While the court notes that truth is a defense to a claim for defamation, *Heidel*, 2003-Ohio-3073, 2003 WL 21373164, ¶ 23, there was no evidence presented to this court to indicate that the statements by the defendant were in fact true. Based upon the evidence before it, the court finds that the defendant failed to satisfy his burden under

Civ.R. 56(C).  The defendant's motion for summary judgment on the plaintiffs' claim for defamation is denied, since a genuine issue of material fact remains as to whether the defendant did in fact defame the plaintiffs through his alleged statements.

### Second Cause of Action:
### False Light

{¶ 14} The court notes that the tort of false-light invasion of privacy was not a recognized cause of action in Ohio at the time this action was filed. However, since that time, the Supreme Court has determined that false light is a viable cause of action in Ohio.  The Supreme Court has held that "one who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of privacy if (a) the false light in which the other was placed would be highly offensive to a reasonable person and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."  *Welling v. Weinfeld* (2007), 113 Ohio St.3d 464, 2007-Ohio-2451, 866 N.E.2d 1051, syllabus, adopting Restatement of the Law 2d, Torts (1977), Section 652E.  The court notes that in order to succeed on their claim for false light, the plaintiffs must prove that the alleged statements made by the defendant were untrue.  Id. at 471, 866 N.E.2d 1051.  Further, the information must have been "publicized," which is different from "published."  Id.  Publicity means "that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge * * *."  Id., quoting Restatement of the Law 2d, Torts, Section 652D, Comment a.

{¶ 15} The plaintiffs allege that the defendant intentionally and with malice placed the plaintiffs in a false light by making public statements orally and in writing that while true in part, are stated or presented in such a manner that the plaintiffs have been demeaned and humiliated.  The court finds that this cause of action should not be dismissed for failure to state a claim upon which relief can be granted since, taking all factual allegations of the complaint to be true and drawing all reasonable inferences in favor of the nonmoving party, the plaintiffs have proven a set of facts in support of their claim for false light that could entitle them to relief.

{¶ 16} The court further finds that the defendant's motion for summary judgment as to the plaintiffs' claim for false light should be denied.  The defendant failed to present any evidence outside of the pleadings related to the plaintiffs' claim for false light.  The defendant did, in his oral arguments, indicate that all statements made by him in relation to the plaintiffs were true.  While the

court notes that truth is a defense to a claim for false light, *Welling,* 113 Ohio St.3d at 471, 2007-Ohio-2451, 866 N.E.2d 1051, there was no evidence presented to this court to indicate that the statements by the defendant were in fact true. The plaintiffs have admitted in their verified complaint that some of the defendant's statements were true; however, there was no evidence presented to the court by the defendant to indicate which of his statements were in fact true. Based upon the evidence before it, the court finds that the defendant failed to satisfy his burden under Civ.R. 56(C). The defendant's motion for summary judgment on the plaintiffs' claim for false light is denied, because a genuine issue of material fact remains as to whether the defendant did in fact portray the plaintiffs in a false light as a result of his alleged statements.

### Third Cause of Action:
### Abuse of Process

{¶ 17} "The three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.* (1994), 68 Ohio St.3d 294, 626 N.E.2d 115, paragraph one of the syllabus. There is no liability for abuse of process if the defendant has done nothing more than carry out the process to its authorized conclusion. This is true even though it is done with bad intentions. Id. at 298, 626 N.E.2d 115. "To make a case of abuse of process a claimant must show that one used process with an 'ulterior motive,' as the gist of the offense is found in the manner in which process is used." *Clermont Environmental Reclamation Co. v. Hancock* (1984), 16 Ohio App.3d 9, 16 OBR 9, 474 N.E.2d 357, paragraph one of the syllabus. "The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." *Robb v. Chagrin Lagoons Yacht Club, Inc.* (1996), 75 Ohio St.3d 264, 271, 662 N.E.2d 9.

{¶ 18} The plaintiffs allege that the defendant abused the legal process in collecting a debt, causing Flora Nicolazzo to be unjustly arrested. The court finds that this cause of action should not be dismissed for failure to state a claim upon which relief can be granted since, taking all factual allegations of the complaint to be true and drawing all reasonable inferences in favor of the nonmoving party, the plaintiffs have proven a set of facts in support of their claim for abuse of process that could entitle them to relief. The court would like to

note that the plaintiffs bordered on having this cause of action dismissed. From the facts alleged in the complaint, it appears to the court that the plaintiff's arrest was a direct result of her failure to appear and not a result of any wrongdoing on the part of the defendant. The court finds it difficult that an argument can be made that the plaintiff's arrest was a result of an abuse of process on the part of the defendant even prior to the plaintiff's failure to appear for her judgment debtor exam. However, the court is required to draw all reasonable inferences in favor of the nonmoving party; thus, the court will not dismiss this cause of action at this time.

{¶ 19} The court further finds that the defendant's motion for summary judgment as to the plaintiffs' claim for abuse of process should be denied. The defendant failed to present any evidence outside of the pleadings related to the plaintiffs' claim for abuse of process. The only evidence presented was a civil docket sheet attached to the defendant's motion to dismiss that indicates that the plaintiff failed to appear for the judgment debtor exam. However, the defendant failed to present any evidence indicating that his actions up to and including the judgment debtor exam were not an abuse of process. Based upon the evidence before it, the court finds that the defendant failed to satisfy his burden under Civ.R. 56(C). The defendant's motion for summary judgment on the plaintiffs' claim for abuse of process is denied, since a genuine issue of material fact remains as to whether the defendant did in fact abuse the legal process.

### Fourth Cause of Action:
### Telecommunications Harassment

{¶ 20} Ohio's Telecommunications Harassment statute provides that "no person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller does any of the following: * * * (5) Knowingly makes the telecommunication to the recipient of the telecommunication, to another person at the premises to which the telecommunication is made, or to those premises, and the recipient or another person at those premises previously has told the caller not to make a telecommunication to those premises or to any persons at those premises." R.C. 2917.21(A). It further provides that "no person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person." R.C. 2917.21(B). "Violation of division (A)(5) or (B) of this section is a misdemeanor of the first degree on a first offense and a felony of the fifth degree on each subsequent offense." R.C. 2917.21(C)(2).

{¶ 21} Ohio also has a statute prohibiting threats and harassment in telephone communications. R.C. 4931.31 provides that "no person shall, while communicating with any other person over a telephone, threaten to do bodily harm or use or address to such other person any words or language of a lewd, lascivious, or indecent character, nature, or connotation for the sole purpose of annoying such other person; nor shall any person telephone any other person repeatedly or cause any person to be telephoned repeatedly for the sole purpose of harassing or molesting such other person or his family." R.C. 4931.31.

{¶ 22} The plaintiffs allege that the defendant violated R.C. 2917.21 and 4931.31 by repeatedly harassing the plaintiffs by telephone and e-mail even after being advised by the plaintiffs to stop and even after the defendant was contacted by the police. The Fifth District Court of Appeals has determined that there is no civil cause of action for telephone harassment. *McNichols v. Rennicker,* Tuscarawas App. No. 2002 AP 04 0026, 2002-Ohio-7215, 2002 WL 31883700, ¶ 17. While R.C. 2307.60 provides that anyone injured by a criminal act may recover damages in a civil action unless specifically excepted by law, the *McNichols* court found that this statute is only a codification of the common law in Ohio that a civil action is not merged in a criminal prosecution that arose from the same act or acts. *McNichols,* 2002 WL 31883700 at ¶ 17. It does not create a separate cause of action. Id. A separate civil cause of action must exist in order for the plaintiffs to bring a civil claim based upon a criminal act. Id. There is no separate civil cause of action for telephone harassment. Id. Likewise, the court can find no case law recognizing a civil cause of action for telecommunications harassment. R.C. 2917.21 is criminal in nature and makes it a misdemeanor for the defendant to harass the plaintiffs. The court can find no civil counterpart. For the same reasons stated in *McNichols,* the court finds that there is no civil cause of action for telecommunications harassment.

{¶ 23} The court finds that the plaintiffs' cause of action for telecommunications/telephone harassment should be dismissed for failure to state a claim upon which relief can be granted because, taking all factual allegations of the complaint to be true and drawing all reasonable inferences in favor of the nonmoving party, the plaintiffs have failed to prove a set of facts in support of their claim that could entitle them to relief. The plaintiffs could allege no facts in their complaint that would entitle them to relief for telecommunications harassment since no such claim exists in law. Therefore, the plaintiffs' cause of action for telecommunications harassment is hereby dismissed pursuant to Civ.R. 12(B)(6).

### Fifth Cause of Action:
### Intentional Infliction of Emotional Distress

{¶ 24} "One who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for

such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of Am.* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666, syllabus, citing Restatement of the Law 2d, Torts (1965) 71, Section 46(1). The elements of the tort are (1) an intent to cause emotional distress or the actor knew or should have known that actions taken would result in serious emotional distress, (2) the conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was utterly intolerable in a civilized community, (3) the actors' actions were the proximate cause of the plaintiffs' psychic injury, and (4) that the mental anguish suffered is serious and of the nature that no reasonable person can be expected to endure it. *Katterhenrich v. Fed. Hocking Local School Dist. Bd. of Edn.* (1997), 121 Ohio App.3d 579, 589, 700 N.E.2d 626.

{¶ 25} "In order to state a claim alleging the intentional infliction of emotional distress, the emotional distress alleged must be serious." *Yeager* at 374, 6 OBR 421, 453 N.E.2d 666. The court rejected any physical injury requirement. Id. The *Katterhenrich* court held that the phrase "serious mental anguish" means that the emotional injury is more than just mere upset or hurt feelings. The emotional injury must be both severe and debilitating. "Serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Katterhenrich* at 590, 700 N.E.2d 626. Some examples include: "traumatically induced neurosis, psychosis, chronic depression, or phobia." Id.

{¶ 26} The *Yeager* court went on to define "extreme and outrageous" conduct. The court states that it is not enough that the defendant acted with tortious or criminal intent or with malice. *Yeager* at 374, 6 OBR 421, 453 N.E.2d 666. It is also not enough that his conduct amounted to a degree of aggravation that would entitle the plaintiffs to punitive damages for other torts. Id. at 374–375, 6 OBR 421, 453 N.E.2d 666. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Id. at 375, 6 OBR 421, 453 N.E.2d 666, citing Restatement at 73, comment d. Insults, indignities, threats, annoyances, petty oppressions, or other trivialities are not enough. Id. Defendant must still be able to express his opinion, no matter how unflattering.

{¶ 27} The plaintiffs allege that the defendant, by his outrageous conduct, knowingly, intentionally, and maliciously inflicted emotional distress upon the

plaintiffs. They further allege that the defendant continued his outrageous behavior even after being informed of its effect on the plaintiffs. The court finds that this cause of action should not be dismissed for failure to state a claim upon which relief can be granted since, taking all factual allegations of the complaint to be true and drawing all reasonable inferences in favor of the nonmoving party, the plaintiffs have proven a set of facts in support of their claim for intentional infliction of emotional distress that could entitle them to relief. The court finds that the determination whether the harm suffered by the plaintiffs in this case rises to the high standard required for a showing of intentional infliction of emotional distress is a jury question.

{¶ 28} The court further finds that the defendant's motion for summary judgment as to the plaintiffs' claim for intentional infliction of emotional distress should be denied. The defendant failed to present any evidence outside of the pleadings related to the plaintiffs' claim for intentional infliction of emotional distress. Further, the defendant has failed to even make mention of this issue in his motion to dismiss. Based upon the evidence before it, the court finds that the defendant failed to satisfy his burden under Civ.R. 56(C). The defendant's motion for summary judgment on the plaintiffs' claim for intentional infliction of emotional distress is denied, because a genuine issue of material fact remains as to whether the defendant did in fact intentionally cause the plaintiffs to suffer emotional distress as a result of his alleged statements.

## CONCLUSION

{¶ 29} Having considered the defendant's motion to dismiss in the context of both a Civ.R. 56 motion for summary judgment and a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court finds as follows:

{¶ 30} The defendant's motion to dismiss and the defendant's motion for summary judgment as to the plaintiffs' claim for defamation are denied. The defendant's motion to dismiss and the defendant's motion for summary judgment as to the plaintiffs' claim for false light are denied. The defendant's motion to dismiss and the defendant's motion for summary judgment as to the plaintiffs' claim for abuse of process are denied. The defendant's motion to dismiss and the defendant's motion for summary judgment as to the plaintiffs' claim for intentional infliction of emotional distress are denied. The defendant's motion to dismiss the plaintiffs' claim for telecommunications/telephone harassment is granted. The court did not address summary judgment on the issue of telephone/telecommunications harassment since the court found that the claim should be dismissed.

{¶ 31} It is ordered that this decision shall serve as the judgment entry in this matter.

{¶ 32} It is further ordered that the court finds no just cause for delay.

So ordered.